UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CARMAINE REID, | ) | |
|---|---|---|
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16CV01194 ERW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Carmaine Reid's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1]. The Government has filed its Response to the Motion [ECF No. 5]. Movant has filed his Reply to the Government's Response [ECF No. 6].

## **I. BACKGROUND AND PROCEDURAL HISTORY**

On April 23, 2014, a federal grand jury sitting in St. Louis charged Movant with one count of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). *United States v. Reid*, No. 4:14CR121 ERW. When Movant committed this offense, he was serving a period of supervised release in Case No. 4:05CR3481 JCH from the United States District Court in the Eastern District of Missouri. That term of supervision was revoked and Movant was sentenced to 24 months in the custody of the Bureau of Prisons ("BOP").

On April 22, 2015, Movant pled guilty to one count of being a Felon in Possession of a Firearm. Following the plea, a Presentence Investigation Report ("PSR") was prepared by

1

Probation. The PSR reflected that Movant's criminal history score was 12, which established a criminal history category of V [Case 4:14CR121 ERW, ECF No. 97 at 13]. According to the PSR, Movant's criminal history included numerous theft-related convictions, resisting-arrest convictions, gun-related convictions, and drug-related convictions. There are two prior convictions in particular that are pertinent to Movant's § 2255 Motion. First, on April 13, 2005, Movant was arrested and charged in the Circuit Court of St. Louis with Possession of a Controlled Substance, Unlawful Use of a Weapon—Carrying a Concealed Weapon, Resisting Arrest and Possession of Marijuana. Movant was sentenced on March 27, 2006. The PSR assessed three criminal history points for this prior sentence. Secondly, several months later, Movant was charged in the United States District Court-Eastern District of Missouri with being a Felon in Possession of a Firearm [4:05CR3481 JCH]. He was sentenced on November 18, 2005, to 95 months' imprisonment and a two-year period of supervised release. Movant was assessed three criminal history points for this sentence. Movant raised no objections to the PSR.

On July 29, 2015, Movant appeared before this Court for sentencing. Movant received a 35-month term of imprisonment. The judgment called for Movant's sentence to run concurrently with the federal sentence he was already serving in 4:05CR3481 JCH for the revocation of his supervised release. Movant did not directly appeal his sentence, but instead filed the instant Motion Under § 2255 [ECF No. 1]. Movant has asserted two grounds for relief. Movant first alleges that the PSR's calculation of his criminal history score was incorrect as he was erroneously assessed three criminal history points. Next, Movant further alleges the BOP did not properly calculate his jail time credit.

## II. LEGAL STANDARD FOR MOTIONS UNDER 28 U.S.C. § 2255

A federal prisoner who seeks relief under 28 U.S.C. § 2255 on grounds "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, the movant must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Claims, including those concerning constitutional and jurisdictional issues, unraised on direct appeal, cannot subsequently be raised in a § 2255 motion unless the movant establishes "(1) cause for default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621-22 (1998)).

**III. RIGHT TO EVIDENTIARY HEARING**

If the movant's claims are not procedurally barred, the Court must hold an evidentiary hearing to consider the claims "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). A movant is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (citation omitted). However, a court may dismiss a claim without a

hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

## IV. DISCUSSION

Movant alleges two grounds for relief in his Motion. In his first claim, Movant challenges his criminal history score under the United States Sentencing Commission, Guidelines Manual § 4A1.2(a)(2). Specifically, Movant argues he was erroneously assessed three additional criminal history points in his PSR. Movant maintains that two of his prior sentences (set forth at ¶¶ 36-37 of the PSR) were counted separately and assessed three points each instead of being properly treated as a single sentence pursuant to § 4A1.2(a)(2). Movant, however, did not object to his PSR or directly appeal his sentence. As such, his claim is procedurally defaulted.

A petitioner cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not. *See Shyrock v. United States*, No. 11-5005-01-CR-SW-RED, 2013 WL 604246, at *1 (W.D. Mo. Feb. 19, 2013). Moreover, when a petitioner raises a claim, except for an ineffective assistance of counsel claim, for the first time in a § 2255 motion, he must show cause and prejudice in order to excuse his procedural default. *United States v. Collier,* 585 F.3d 1093, 1097 (8th Cir. 2009); *Sutton v. United States*, No. 1:08CV175RWS, 2012 WL 592335, at *9 (E.D. Mo. Feb. 23, 2012).

Here, Movant cannot demonstrate the required prejudice to overcome his procedural default because his claim is meritless. Contrary to Movant's allegations, his prior sentences, set forth in ¶¶ 36-37 of the PSR, were properly counted as separate sentences. Under § 4A1.2(a)(2):

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained

in the same charging instrument; or (B) the sentences were imposed on the same
day. Treat any prior sentence covered by (A) or (B) as a single sentence.

It is undisputed by the parties that the prior sentences were not separated by an intervening arrest. Nevertheless, even though there was no intervening arrest, the sentences should still be counted *separately* under§ 4A1.2(a)(2) as: A) they did not result from offenses contained in the same charging instrument, nor B) were the sentences imposed on the same day. Thus, the Court finds the record refutes Movant's claim of error in his first ground, and he is not entitled to relief.

Movant next argues the BOP has not given him jail credit from May 9, 2014, through July 29, 2015. On May 9, 2014, Movant's supervised release in case 4:05CR3481 JCH was revoked due to his commission of the instant offense. The court imposed a 24-month term of imprisonment, which Movant began serving immediately. On July 29, 2015, Movant was sentenced in this case to a 35-month term of imprisonment to run concurrently with the term he had been serving in 4:05CR348-1 JCH since May 9, 2014.

Movant seeks an order from this Court directing the BOP to grant him a credit for the time period between May 9, 2014, through July 29, 2015. In filing a § 2255 motion, a federal prisoner asks the court to correct a wrongful sentence. Movant must demonstrate his sentence is wrongful and the result of injustice. *Gomez*, 326 F.3d at 974. Movant's Motion seeks a change in computation of his sentence; it does not argue the sentence itself is the result of injustice. Thus, Movant's claim should not be brought under § 2255. *Bell v. U.S.*, 48 F.3d 1042, 1043 (8th Cir. 1995) (A prisoner's claim of improper denial of jail time credit cannot be brought under § 2255, because he is "not contending that his conviction is illegal, he is only contesting the execution of his sentence."). Moreover, district courts lack authority to credit a prisoner's sentence. *U.S. v. Wilson*, 503 U.S. 329, 333 (1992). Rather, "the Attorney General, through the

Bureau of Prisons, has the responsibility for computing a sentencing credit[.]" *U.S. v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006).

Accordingly, Movant's claim falls beyond the scope of a § 2255 motion. Instead, Movant may properly bring his claim before the BOP and exhaust his administrative remedies pursuant to 28 C.F.R. §§ 542.10 through 542.16. *Id.* After exhausting his administrative remedies, a prisoner may seek relief under 28 U.S.C. § 2241, by filing a motion with the federal court located in the district where he is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). Here, not only is it unclear whether Movant exhausted his administrative remedies,[1] but Movant is not incarcerated in the Eastern District of Missouri—he is incarcerated at FCI Forest City Medium, which is located in the Eastern District of Arkansas. Thus, this Court lacks Jurisdiction to grant his request.[2] Movant's claims under his § 2255 Motion will be denied.

V. **CERTIFICATE OF APPEALABILITY**

The Court finds Movant has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Therefore, the Court shall not issue a certificate of appealability as to any claims in Movant's Motion.

---

[1] According to Movant's Reply to the Government's Response to his § 2255 Motion, Movant submitted a complaint alleging his sentence was miscalculated to the warden, which was denied. Movant appealed the warden's denial to the regional director at the BOP. The regional director denied Movant's appeal, and informed him that he had 30 days to appeal his decision. The record contains no evidence Movant took this step in fully exhausting his administrative remedies.

[2] Movant has previously requested the same relief in the District Court for the Eastern District of Missouri from Judge Hamilton, but his motion was denied due to lack of jurisdiction [Case 4:05CR348 JCH, ECF No. 53].

## VI. CONCLUSION

Movant's asserted grounds of relief are clearly inadequate on their face and refuted by the record in this case. Therefore, an evidentiary hearing is not required for any of his claims of error. Movant has failed to demonstrate that his sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by the law. Thus, Movant's § 2255 claims fail, and he is not entitled to the relief he seeks.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1] is **DENIED**. Movant's Motion is **DISMISSED, with prejudice**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's § 2255 Motion.

A final judgment will accompany this memorandum and order.

So Ordered this 7th day of December, 2016.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE